IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ANGELES ORTIZ DE LEON,**

 Plaintiff

 v.

**MEDICAL SERVICES ADMINISTRATION OF PUERTO RICO,**

 Defendant

CIVIL NO. 97-2599 (JAG)

## REPORT AND RECOMMENDATION

The motion for summary judgment filed by above defendant, plaintiff's answer and the motion to dismiss with plaintiff's reply were referred by the court to the undersigned magistrate on May 10, 2001 (D.E. #43).

This action originates as a claim under the American with Disabilities Act, 42 U.S.C. §12101, *et seq.* (hereinafter ADA) and a pendent state claim pursuant to Law 44, dated July 2, 1985, as amended, L.P.R.A., Title 1 §501 *et seq.* Plaintiff is a 63 years old individual who was a career employee in the state government with the defendant, Medical Services Administration of Puerto Rico. See complaint filed 10-31-97, pp. 1-3 (D.E. #1). Plaintiff claims in lieu of reinstatement, defendant should be ordered to pay both front and back pay and compensatory damages, in addition to punitive damages. (Complaint p. 7).

Defendant filed on January 14, 1999 (D.E. #11) a Motion for Summary Judgement (D.E. #11) on grounds plaintiff should not be considered disable under ADA. Plaintiff's opposition was filed on March 16, 1999 (D.E. #15). A reply was filed on April 9, 1999 (D.E. #18).




AO 72
(Rev 8/82)

**Report and Recomendation**
<u>Angeles Ortiz de León v. Medical Services, etc.</u>
Civil No. 97-2599(JAG)
Page 2

Defendant subsequently filed a Motion to Dismiss for Lack of Jurisdiction for reason of the jurisdictional bar of the Eleventh Amendment (D.E. #22). Plaintiff's Motion Opposing Defendants Motion for Judgment was filed on February 7, 2000 (D.E. #30). Having examined all issues presented, and on the basis of the findings and recommendation stated herein below, this magistrate finds that lack of jurisdiction to entertain plaintiff's claim in this federal forum would be dispositive as to all matters referred.

In the case at bar, and as submitted by defendant, defendant Medical Services Administration of Puerto Rico is an instrumentality of the Commonwealth of Puerto Rico. Plaintiff has not controverted this issue, relying instead on allegations that Congress had in fact abrogated Eleventh Amendment immunity of the states when enacting ADA. Nevertheless, the most recent caselaw as to whether Congress did or could abrogate the state immunity refutes plaintiff's position. This means that the Eleventh Amendment precludes plaintiff's action in this forum.

The Eleventh Amendment operates as an absolute bar against plaintiff's action in this case. Although the Commonwealth of Puerto Rico was not specifically named as co-defendant in this action, it is the real substantial party on interest in the instant case. Eleventh Amendment is extended to state agencies and departments "regardless of the nature of the relief sought". <u>Pennhurst State School Hospital v. Halderman</u>, 465 U.S. 89, 100 (1984). Suits brought against the state itself are barred by the Eleventh Amendment and state agencies and departments are usually construed as *alter egos* or branches of the state for which suits against these instrumentalities are also considered suits against the state. <u>Scheuer v. Rhodes</u>,

Report and Recomendation
Angeles Ortiz de León v. Medical Services, etc.
Civil No. 97-2599(JAG)
Page 3

416 U.S. 232 (1974);[1] Perez v. Rodriguez Bou, 575 F. 2d 21(1st. Cir.)[2].

There are several factors which must be taken into consideration in order to determine whether to apply the doctrine of sovereign immunity to a governmental agency. These factors were addressed in defendant's motion to dismiss as follows: whether the agency is performing a governmental or proprietary function, whether it has been separately incorporated, the degree of autonomy over its operation, whether it has power to sue and be sued and enter into contracts, whether its property is immune from state taxation, whether the sovereign has immunized itself from responsibility for the agency's operations and whether, in the event that plaintiff would prevail, the payment of the judgment will have to be made out of the State Treasury. See Canadian Transport Co. v. Puerto Rico Ports Authority, 333 F.Supp. 1295, 1296 (D. Puerto Rico, 1971). Although any particular criteria is not controlling over the others, there are two which are of more importance and have been more consistently applied by the courts. The first important factor is the determination of the source of the funds to pay a judgment favorable to plaintiff. The funds must come from the Commonwealth funds in order to determine its interest in the litigation. The second factor would be whether the agency has the power to sue and be sued. Defendant submits that Law No. 104 of June 29, 1955 as amended, 32 L.P.R.A., Section 3077, et seq., waives sovereign immunity only as to suits in state court against the Commonwealth of Puerto Rico. "Nowhere in the act does it appear that

---

[1] The Eleventh Amendment bars suits not only against the state when it is named party but when it is party in fact.

[2] The University of Puerto Rico as an alter ego of the state was entitled to Eleventh Amendment immunity.

AO 72
(Rev 8/82)

**Report and Recomendation**
<u>Angeles Ortiz de León v. Medical Services, etc.</u>
Civil No. 97-2599(JAG)
Page 4

the Commonwealth may be sued in the Federal Court or in any other Court". <u>Alcoa Steamship Co. v. Perez</u>, 295 F.Supp. 187, 198 (D. Puerto Rico, 1968).[3] See <u>Canadian Transport Co. v. Puerto Rico Ports Authority</u>, supra.[4]

The Commonwealth of Puerto Rico, and the defendant Medical Services Administration, have not waived their Eleventh Amendment immunity to be sued in the federal courts. There is no controversy that defendant Medical Services is an instrumentality of the Commonwealth of Puerto Rico. The Medical Services Administration of Puerto Rico is also considered an "alter ego" or arm of the State for Eleventh Amendment immunity purposes. In support, defendant states, unopposed by plaintiff, that Medical Services was created by Act No. 66, of June 22, 1978, as amended, 24 L.P.R.A. section 342, being a tax-exempt institution whose functions "are public, for the benefit of the Commonwealth of Puerto Rico", 24 L.P.R.A. section 342 b, and that Medical Service's budget is provided by the general revenues collected by the government of Puerto Rico. 24 L.P.R.A. section 3421. According to said Act:

> "[t] he purposes for which the Administration is hereby created are public for the general benefits of the Commonwealth of Puerto Rico; therefore, the properties and activities of the Administration shall be exempt from the payment of any kind of Commonwealth or Municipal duties, tariffs or taxes, as well as from assessments". (24 L.P.R.A. section 342 a (2).

The Medical Services Administration was created "as an instrument of the Government

---

[3] Suits against P.R. State Insurance Fund precluded by sovereign immunity since the real party in interest is the Commonwealth of Puerto Rico.

[4] Puerto Rico Ports Authority, as a public corporation, had sufficient identity and distinction to be liable for suit and sovereign immunity did not extend to same.

AO 72
(Rev 8/82)

Report and Recomendation
Angeles Ortiz de León v. Medical Services, etc.
Civil No. 97-2599(JAG)
Page 5

of the Commonwealth of Puerto Rico, attached to the Department of Health thereof', and "shall be under the direction and supervision of the Secretary of Health... The powers of the Administration shall be vested in and exercised by the Secretary (of Health)". (24 L.P.R.A. section 342 b)". In addition, defendant submits that even though the Medical Services Administration has a separate juridical personality apart from any official thereof, as well as from the Government of the Commonwealth of Puerto Rico, its budget is provided by the general revenues collected from the services rendered to the public in general, if and when they can pay for them, and from each and every one of the Puerto Rico Medical Center Participating Entities, all of whom are governmental instrumentalities.

The Act specifically states that:

> "The annual budget of the Administration shall be prepared sufficiently in advance so that it can be integrated into the total budget of the Department of Health with the prior approval of the Secretary of Health".

The Medical Services Administration's budget must be prepared in consultation and with the approval of the Participating Entities. These must state their approval by means of a written certification indicating their acceptance of the cost of said services and that they have enough resources available to finance said services. (24 L.P.R.A. sec. 342 e).

The Medical Services Act also establishes that all administration moneys shall be entrusted to designated depositories of the funds of the Government of the Commonwealth of Puerto Rico, and disbursements shall be made pursuant to rules and regulations promulgated by the Administration in coordination with the Secretary of Health (24 L.P.R.A. section 342 j).

**Report and Recomendation**
<u>Angeles Ortiz de León v. Medical Services, etc.</u>
Civil No. 97-2599(JAG)
Page 6

As for the Executive Director of the Administration, he is appointed by the Secretary of Health of the Commonwealth of Puerto Rico, with the advice of the governing Board of the Puerto Rico Medical Center Participating Entities and the approval of the Governor of Puerto Rico, and will hold office at the Secretary's will. (24 L.P.R.A. sec. 342 e). Such governing Board is composed by the Secretary of Health, the Dean of the Medical Sciences School of the University of Puerto Rico, the Chairman of the Board of Directors of the Puerto Rico League against Cancer, The Mayor of San Juan, the Administrator of the State Insurance Fund, the Secretary of Social Services, two consumers appointed by the Secretary of Health, and the Chairperson of the Administration and Medical Policy Committee (24 L.P.R.A. sec. 342 d), all of whom are appointed by the Governor with the advice and consent from the Senate of Puerto Rico.

The Executive Director performs the duties and has the responsibilities, powers and authority delegated to him by the Secretary of Health. The salary of the Executive Director is fixed by the Secretary of Health with the approval of the Governor of Puerto Rico.

When, due to oversight or any other reason, the funds set aside are not sufficient to meet the obligations of the year, the Director of the Bureau of the Budget and Management of the Commonwealth of Puerto Rico shall be responsible for producing the needed amounts through the mechanism of a transfer of funds from the resources of the corresponding government agencies as long as there has been a notice to such effect from the Administration's Executive Director early in the fiscal year. (24 L.P.R.A. sec. 342 j).

The intent of the government's financial support for Medical Services and the fact that

**Report and Recomendation**
Angeles Ortiz de León v. Medical Services, etc.
Civil No. 97-2599(JAG)
Page 7

the governing body is composed of state appointed persons shows, in conjunction with all above, that Medical Services is also an "arm" of the state immune from damage suit under the Eleventh Amendment.

As to the other factors, the Medical Services Administration does have the funds and power to satisfy the judgment although, as noted, shortfalls will then be covered by the state. The Medical Services Administration performs a governmental function, rather than a proprietary one, in administering and operating the Centro Medico complex. See Employees of the Dept. of Public Health & Welfare, state of Missouri vs. Dept. of Public Health & Welfare, 411 U.S. 279, 284, 93 S.Ct. 1614 (1973). The Medical Services Administration is separately "incorporated" --it has a separate juridical personality ---but it is an integral part of the Department of Health. It is not autonomous over its operations: the powers of the Administration are "vested in and exercised by" the Secretary of Health, who is an official of the executive branch of the Commonwealth government. It has the power to sue and be sued and to enter into contracts, but its property has only partially immunized itself for responsibility for the Medical Services Administration's operations.

As noted in Ainsworth v. Aristocrat Int'l. v. Tourism Co.[5] the entity's financial and operational autonomy is often one of the most significant factor. The Medical Services Administration is only somewhat financially autonomous, since the effect of a judgment would, as a practical matter, result in the state's paying it. Operationally the Medical Services

---

[5] 818 F.2d 1034 (1st Cir. 1987).

AO 72
(Rev 8/82)

**Report and Recomendation**
<u>Angeles Ortiz de León v. Medical Services, etc.</u>
Civil No. 97-2599(JAG)
Page 8

Administration is part of the Department of Health and is subject to the control of its Secretary. Given these factors, it cannot be held that the Medical Services Administration is not an alter ego of the Commonwealth.

Immunity under the Eleventh Amendment extends beyond the state and encompasses state agencies and instrumentalities, when the action is in essence one for recovery of money from the state. <u>Ramirez v. Puerto Rico Fire Serv.</u>, 715 F. 2d 694, 697 (1st Cir. 1988). A state could be considered to have waived its immunity by its own statutes or by failing to raise such a defense with the district court or on appeal. In addition, Congress could have validly abrogated a state's immunity if it is so clearly indicated in the law and if it is acting in furtherance of particular powers or under certain circumstances if other constitutional imperatives take precedence over the Eleventh Amendment's federal-court bar. <u>Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct</u>, 991 F. 2d 935 (1st Cir. 1993).

Having determined that defendant would be covered by sovereign immunity, remains to find whether with the enactment of ADA Congress abrogated same as submitted by plaintiff. In <u>Parker v. Universidad de Puerto Rico,</u> 225 F.3d 1 (1st Cir. 2001), the Court of Appeals for the First Circuit entertain the claim raised under Title II and III of ADA prohibiting discrimination in access to public accommodations and removable of architectural barriers. The Appeals Court therein stated that "We also note that the University may have an Eleventh Amendment sovereign immunity defense. See *University of Alabama at Birmingham Bd. Of Trustees v. Garrett, – U.S. –,* 120 S.Ct. 1669. " However, since such defense had not been raised with the trial court nor at the time of the appeal, the issue was not further addressed.

<u>Report and Recomendation</u>
<u>Angeles Ortiz de León v. Medical Services, etc.</u>
Civil No. 97-2599(JAG)
Page 9

Still, after the Supreme Court decided the matter in <u>University of Alabama</u>[6] on February 21, 2001, holding that suits in federal court by state employees to recover money damages for a state's non-compliance with Title I of the ADA was barred by the Eleventh Amendment, the Court of Appeals for this circuit unambiguously addressed the issue in <u>Acevedo Lopez v. Police Department of the Commonwealth of Puerto Rico</u>, 247 F.3d 26 (1st Cir. 2001). It is clearly determined therein that Puerto Rico has not waived its Eleventh Amendment immunity from employment discrimination claims under Title I of ADA.

This magistrate opines that defendant's petition for dismissal of the complaint for lack of jurisdiction on grounds of Eleventh Amendment immunity is well taken, and should thus BE GRANTED. It is thus recommended that the pendent claims be also dismissed.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986).

San Juan, Puerto Rico, August 7, 2001.

J. ANTONIO CASTELLANOS
UNITED STATES MAGISTRATE JUDGE

---

[6] 531 U.S. 356, 121 S.Ct. 955 (2001).

AO 72
(Rev 8/82)